## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



FILED

OCT 0 8 2019

Clerk, U.S. District and
Bankruptcy Courts

MAKUSHA GOZO,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    Civil Action No. 19-2513 (UNA)
                                       )
DEPARTMENT OF HOMELAND SECURITY,       )
                                       )
                Defendant.             )
_____)

### MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed
*in forma pauperis* and his *pro se* complaint. The plaintiff currently is in the custody of the
Federal Bureau of Prisons ("BOP"), having been "arrested . . . on international tax matters,
which is the subject of ongoing litigation." Compl. at 4. He alleges that the Secretary of
Homeland Security "placed a 'detainer' against [him], which is the reason for the case at bar."
*Id.* The plaintiff challenges the validity of the detainer, *see id.* at 5-8, and alleges that its
existence renders him ineligible for certain programs BOP offers, *id.* at 9, and causes him
physical, psychiatric and pecuniary harm, *id.* He seeks an order directing defendant to "rescind
and delete [its] unlawful 'detainer,'" and an award of monetary damages. *Id.* at 10.

To the extent plaintiff seeks habeas relief, *see* Compl. at 2, he may not do so at this time
or in this federal district court. It appears that plaintiff's current detention stems from his
conviction on federal criminal charges, not the detainer, which "merely notifies prison officials
that a decision regarding his deportation will be made . . . at some future date." *Campillo v.*

*Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Only when plaintiff "is placed in the custody of the [DHS], an event which will not occur until [he] is released from his present term of confinement," can he challenge the detainer by way of habeas corpus. *Id.*; *see Teran v. Johns*, No. 5:17-CV-9, 2017 WL 4678220, at \*5-\*6 (S.D. Ga. Oct. 17, 2017), *report and recommendation adopted,* No. 5:17-CV-9, 2017 WL 6028400 (S.D. Ga. Dec. 5, 2017) (dismissing § 2241 petition for lack of subject matter jurisdiction where detainer had been lodged but detainee was not yet in DHS custody). If the plaintiff were to seek habeas relief, he must name his custodian as the proper respondent and proceed in the federal district where his custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Insofar as plaintiff demands compensatory damages for defendant's "ongoing reciprocal constitutional violations and torts," Compl. at 9, under the Federal Tort Claims Act ("FTCA"), *see id.*, Ex. (Standard Form 95, Claim for Damage, Injury, or Death), the claim fails. The FTCA is an express waiver of the federal government's sovereign immunity for certain, but not all, torts. *See Richards v. United States*, 369 U.S. 1, 6 (1962). Because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), the Court must dismiss plaintiff's constitutional tort claim against the federal government for lack of subject matter jurisdiction.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: October __7__, 2019

United States District Judge
CHRISTOPHER R. COOPER
United States District Judge

CHRISTOPHER R. COOPER
United States District Judge